UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **JON STELTER,** individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 1:21-CV-2132 ) |
| **FIRST MERCHANTS BANK,** | ) ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C §§ 1331, 1332(d)(2) and 1446(b), defendant First Merchants Bank ("First Merchants") removes the state court action described below to the United States District Court for the Southern District of Indiana. Removal is based on the grounds discussed below.

### I. PROCEDURAL BACKGROUND

1.      On June 24, 2021, plaintiff Jon Stelter filed a Class Action Complaint against First Merchants in the Delaware County Superior Court entitled *Stelter v First Merchants Bank*, Case No. 18C03-2106-PL-000072. Plaintiff served First Merchants with the Complaint on June 29, 2021.

2.      Plaintiff alleges two claims for (1) breach of Contract, including breach of the covenant of good faith and fair dealing, and (2) unjust enrichment. Both claims are based on allegations that First Merchants improperly assessed overdraft fees for certain debit card payment transactions that were authorized based on a sufficient balance but settled or posted to his account based on an insufficient balance—so called "APSN Fees." Plaintiff claims that First Merchants' contract does not authorize the assessment of APSN Fees and APSN fees are

unfair and deceptive. Compl., ¶¶ 20, 21. He purports to represent the following class (Compl., ¶ 91.):

> All persons who are checking account holders at First Merchants Bank and who were assessed overdraft fees on debit card transactions that were authorized on sufficient funds and settled on negative available funds in the same amount for which the transaction was authorized.

3. At the time of this removal, First Merchants has not answered or otherwise responded to the Complaint.

## II. THE CASE IS REMOVABLE UNDER 28 U.S.C. § 1332 (CAFA).

4. The Class Action Fairness Act (CAFA) grants federal courts jurisdiction over class actions if the class exceeds more than 100 class members, the amount in controversy exceeds $5 million in aggregate, and there is minimal diversity between plaintiff and First Merchants. 28 U.S.C. § 1332(d)(5)(B); 28 U.S.C. § 1332(d)(2),(6).

5. Plaintiff purports to bring a class action pursuant to Indiana Rule of Trial Procedure 23. Compl. ¶ 94 ("[t]his action is properly maintainable as a class action under Indiana Rule of Trial Procedure 23.") Thus, this case qualifies as a "class action," which is defined as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1453(a) and 1332(d)(1)(B).

6. As required by 28 U.S.C. § 1332(d)(5)(B), there are more than 100 class members in Plaintiff's proposed class. The putative class consists of all First Merchants account holders who were assessed APPSN fees. The class period is not alleged, but it will be defined by the applicable statute of limitations. First Merchants will likely contend the statute of limitations applicable to cases involving "deposit accounts" is six years. Indiana Code § 34-11-2-9. Plaintiff likely will argue the applicable limitations period is ten years pursuant to Section 34-11-2-11. In

either case, the proposed class, if certified, will include more than 100 members. *See* Richter Decl., ¶ 6. The Declaration of Stuart M. Richter in Support of Notice of Removal ("Richter Decl.") is attached hereto as **Exhibit 4**.

7. The parties are "minimally diverse" as required by 28 U.S.C. § 1332(d)(2)(A). First Merchants is a bank headquartered and incorporated in Indiana. Therefore, for purposes of determining jurisdiction, it is a citizen of Indiana. 28 U.S.C. § 1332(c)(1) (stating that a corporation is a citizen of every state where it is incorporated and where it has its principal place of business). Plaintiff is a citizen and resident of the State of Oregon who seeks to represent a class that includes all First Merchants account holders, not just those residing in Indiana. The citizenship of putative class members, named and unnamed, is considered when determining minimal diversity under CAFA. 28 U.S.C. § 1332(d)(1)(D). Thus, if any class member is diverse from any defendant, minimal diversity is met. 28 U.S.C. § 1332(d)(2); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1194 n.24 (11th Cir. 2007). Plaintiff is diverse from First Merchants. In addition, First Merchants has locations in Indiana, Illinois, Michigan and Ohio. Thus other putative class members are of a different citizenship than First Merchants and their inclusion in the proposed class creates the minimal diversity needed under CAFA.

8. The amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). Plaintiff seeks relief of an unspecified monetary value, including (a) restitution of all APPSN Fees and/or actual damages; (b) attorneys' fees.

9. The APPSN Fees at issue in this case are in excess of $5,000,000 for the applicable class period. (Richter Decl. ¶¶ 4-5.) In addition, Plaintiff's request for reasonable attorneys' fees, which will likely be in excess of $1,000,000 if this case goes to trial, must be considered as part of the amount in controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001);

*see also See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) (noting that "Section 1332(a)'s amount-in-controversy required excludes only 'interest and costs' and therefore includes attorneys' fees); *Yeroushalami v. Blockbuster Inc.,* No. CV 05-2550 AHM (RCx), 2005 U.S. Dist. LEXIS 39331, at *19 (C.D. Cal. July 1, 2005) (holding that "it is proper [under the Class Action Fairness Act] to consider the cost of injunctive relief, potential punitive damages, and attorney's fees"). Thus, the amount in controversy will undoubtedly exceed $5,000,000.

10. Accordingly, the requirements for removal under CAFA are satisfied.

### III. REMOVAL REQUIREMENTS & PROCEDURE

**A.  Removal is Timely**

11. This Notice is timely under 28 U.S.C. § 1446(b).  First Merchants was served with the Complaint on June 29, 2021.  First Merchants files this Notice of Removal on July 29, 2021, well within the 30-day deadline provided by 28 U.S.C. § 1446(b).

**B.  Venue is Proper in this District**

12. Venue is proper in the United States District Court for the Southern District of Indiana as this is the district embracing the place where the state court action is pending (i.e., Delaware County).

**C.  Supporting Documents and Notification**

13. First Merchants has complied with 28 U.S.C. § 1446(a) by attaching hereto as **Exhibit 1,** all process, pleadings, and orders received in the state court action.

14. Pursuant to Local Rule 81-2(c), First Merchants has separately attached an additional copy of the operative Complaint to this Notice of Removal as **Exhibit 2**.

15. A completed Civil Cover Sheet is attached hereto as **Exhibit 3**.

16. First Merchants will promptly give written notice of this Notice to Plaintiff and will file a copy of this notice with the clerk of the Delaware County Superior Court, as required by 28 U.S.C. § 1446(d).

**D. <u>Non-Waiver of Defenses</u>**

17. By removing this action from Delaware County Superior Court, First Merchants does not waive any defenses available to it, including the right to compel contractual arbitration of Plaintiff's claims. Nor does First Merchants admit any of the allegations in the Complaint.

WHEREFORE, First Merchants prays that the above action, formerly pending against it in Delaware County Superior Court, be removed to this Court.

Respectfully submitted,

Date: July 29, 2021

Scott S. Morrisson
Scott S. Morrisson, Atty. No. 11633-49
KRIEG DeVAULT LLP
12800 North Meridian Street, Suite 300
Carmel, Indiana 46032-5407
Telephone: (317) 238-6201
Facsimile: (317) 636-1507
smorrisson@kdlegal.com

Kay Dee Baird, Atty. No. 28821-73
KRIEG DeVAULT LLP
One Indiana Square, Suite 2800
Indianapolis, Indiana 46204
Telephone: (317) 238-6306
Facsimile: (317) 636-1507
kbaird@kdlegal.com

*Attorneys for Defendant, First Merchants Bank*

149718889